**F. Warren BROKAW, Appellant,**

v.

**Samuel W. McCART, Appellee.**

**No. 2501.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 18, 1960.

Decided March 3, 1960.

Herman Miller, Washington, D. C., for appellant.

Samuel W. McCart, Washington, D. C., appellee, pro se.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

In this action the holder of a second trust note charged that the obligor had by misrepresentations induced him to accept a reduced amount in payment. Judgment was for plaintiff, and defendant appeals.

From plaintiff's uncontradicted testimony and from the deposition and letters of defendant, the following appeared. Plaintiff held a second trust note covering deferred purchase price of property he had sold in 1957 and of which defendant Brokaw was the owner. On January 21, 1959, the balance due on the note was $6451.97. On that date Brokaw wrote McCart asking that he lift the trust to allow refinancing for badly needed repairs, or to grant a "substantial discount" of the amount of the note, because he was not able to pay it in full. At first McCart refused, for the reason that it was very much to his interest to hold the note until maturity, some four years thence, and stating, "I would rather keep it than cash it." Brokaw again appealed to McCart as to what discount he would allow, so that Brokaw could determine whether financing could be arranged. He wrote, "I know you well realize the cost of remodeling and it may very well be that I will just have to let the property alone." McCart testified that he then agreed to grant a reduction of $600, "out of sympathy because of the represented poor cash position of the defendant;" that he believed defendant's representations and felt justified in relying on them because of defendant's good reputation. Accordingly McCart surrendered the note to a title company (presumably for the refinancing Brokaw said he intended) and soon afterwards received payment of $5841.97, which was $600 less than the amount due on the note.

About two weeks after that McCart telephoned Brokaw that he had heard a rumor that Brokaw had sold the property. Brokaw denied it. But on investigation McCart found that Brokaw had indeed sold the property. Brokaw admitted this in answer to interrogatories, and confirmed that he had listed the property for sale some months before he made his request for reduction of the note, and that

the contract of sale was actually signed January 21, 1959 (the same day he first wrote McCart asking for the reduction to enable him to make repairs).

Defendant did not take the stand, and so the trial court could properly draw the usual inferences against him. And there was no reason to disbelieve the uncontradicted testimony of plaintiff. Hence it was entirely proper to conclude that defendant had by misrepresentation induced plaintiff to forego part of a debt rightfully owing and that defendant should be required to pay it.

Appellant asks us to rule that plaintiff suffered no damage. Appellant produced a witness who testified that a second trust note of this amount and approximate maturity would at a discount have a fair market value of $5800. But the witness admitted that if the note was required to be paid in closing a contract of sale it would be worth its face amount. This was plaintiff's theory of damages and was properly applied by the trial court.

Affirmed.